### In re COLLINS.

#### (District Court, N. D. West Virginia. June 25, 1914.)

1. **BANKRUPTCY (§ 333\*)—CLAIMS—FORM—PARTNERSHIP AND INDIVIDUAL ESTATE.**

   Where a firm and one of the partners were declared bankrupts, and a claim on a note of the firm, indorsed by the individual partner was entitled "In the matter of Creed Collins as an individual and as a member of the partnership of the Collins Company, composed," etc., reciting that Collins was "the person" by whom the petition for adjudication was filed, and that he was indebted to the claimant, and distinctly distinguishing in its statement and description the note and the account against the firm on which it was liable alone, the claim was sufficient in form to sustain its allowance as against the individual estate of the indorser

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 519; Dec. Dig. § 333.\*]

2. **BANKRUPTCY (§ 339\*)—CLAIMS—FORM—ESTOPPEL.**

   Where a claim on a note executed by a firm and indorsed by an individual partner was filed and allowed as against the bankrupt estates of both, and the trustee took no objection to the proof of claim as against the estate of the individual partner for four years thereafter, so that the claim could not then be amended, the trustee was estopped to contend that the claim was insufficient in form to justify its allowance against the partner's estate.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 525, 526; Dec. Dig. § 339.\*]

In Bankruptcy. In the matter of bankruptcy proceedings by Creed Collins. On petition of Brown & Hill to review and revise an order of the referee rejecting their claim as against the bankrupt's personal estate. Reversed and remanded.

W. B. & E. L. Maxwell, of Elkins, W. Va., for petitioners, Brown & Hill.

S. A. Powell and Robinson & Prunty, all of Harrisville, W. Va., for Homer Adams, trustee.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DAYTON, District Judge. These facts are undisputed: That in 1908 Creed Collins personally, and the Collins Company of which he was a member, were both adjudged bankrupt, and the matters involved in both cases were referred to one and the same referee, who has been, since that time, seeking to settle these large and greatly involved estates. That it has been ascertained that the personal assets of Creed Collins will pay from 50 to 75 cents on the dollar of his personal debts while those of the partnership, the Collins Company, can pay only a nominal 5 to 10 per cent. of its indebtedness. That on March 6, 1908, the Collins Company executed to Brown & Hill its negotiable note for $2,041.04, payable in 60 days thereafter at the Farmers' & Merchants' Bank of Pennsboro, W. Va., which note the bankrupt Creed Collins indorsed before maturity, and upon maturity the same was duly protested for nonpayment, legal notice of which protest was given Collins, whereby he became personally liable for the payment of such debt. That the Collins Company alone became further indebted about the same time to Brown & Hill for a car load of lumber for which a balance was due of $202.50 as of June 24, 1908. That on the 26th day of October, 1908, at the first meeting of creditors, Brown & Hill filed in the Creed Collins Case a proof of claim headed, "In the matter of Creed Collins, as an individual and as a member of the partnership of the Collins Company, composed of Creed Collins, Charles W. Sprinkle and Elbert M. Bonner," and which then recites that:

"Creed Collins as a member of the firm of the Collins Company, composed of said Creed Collins, Charles W. Sprinkle, and Elbert M. Bonner, the person by whom a petition for adjudication of bankruptcy has been filed," was indebted to this firm of Brown & Hill, and that said Collins Company was "justly indebted to said firm of Brown & Hill in the sum of $2,041.40 evidenced by a negotiable note bearing date March 6, A. D. 1908, payable 60 days after the date thereof at the Farmers' & Merchants' Bank of Pennsboro, W. Va., protested at maturity, and protest fees thereon amounted to the sum of $1.55, making the aggregate amount of said note and protest fees the sum of $2,042.59, with interest thereon from the 5th day of May, A. D. 1908." "Also in the further sum of $253.50 evidenced by an open account for one car load of hemlock lumber shipped by said Brown & Hill to said Collins Company, on April 24, A. D. 1908, payable 60 days after date, but subject to a credit by the freight thereon amounting to the sum of $51, making the balance due upon said account the sum of $202.50 as of June 24, A. D. 1908."

With this proof of claim, sworn to by one of the members of the firm of Brown & Hill, was filed the negotiable note and certificate of the notary's protest thereof. No objections to this claim were at the time made, and thereupon the referee entered an order, allowing the full amount thereof, both note and open account, against the personal estate of Creed Collins. This was on October 26, 1908. This order was set aside by him on June 21, 1909, and the claim of Brown & Hill was then allowed against the Collins Company, but was not entered as again allowed against Creed Collins, although no objections were made to its allowance against the estate of the latter until April 4, 1913, when the trustee in the Creed Collins Case filed objections to its allowance solely upon the ground that the proof of claim was not

sufficient to prove it against Creed Collins personally, but only against him as a member of the firm of the Collins Company. This contention was subsequently upheld by the referee, and an order was entered by him rejecting it in toto as a claim against the estate of Creed Collins personally, to review which order this petition has been filed. It will thus be seen that the estate of Creed Collins, individually, was unquestionably liable for the note, interest, and protest fees by reason of his personal indorsement of such note of the Collins Company, and that it was not so liable for the open account; that it has been excluded from participating in the assets of such personal estate solely upon an alleged technical defect in the proof of claim filed, accepted as sufficient at the time filed, and only objected to, on account alone of such technicality, by the trustee, more than four years after it was so filed and accepted, when the year had passed within which, without any doubt, the claimants could have filed an amended and sufficient proof in accord with the actual facts as they existed, if attention had been called to the alleged defect. I cannot reconcile it to my sense of justice and equity to allow this estate in this way to escape this just liability. I base my ruling to the contrary upon two propositions:

[1] First. While the proof of claim is somewhat ambiguous and uncertain in terms, it is to be noted that: (a) It was presented in the Creed Collins Case and recited in its caption that it was "In the matter of Creed Collins as an individual and as a member of the partnership." (b) While it says "that Creed Collins as a member of the firm," it also says "the person by whom a petition for adjudication of bankruptcy has been filed" is indebted to claimants. (c) It distinctly distinguishes in its statement and description the note and account, charging the latter to be against the Collins Company alone. (d) The note and protest certificate, it is undisputed, were filed with and as part of the proof, and they show, it is admitted, that Creed Collins had made himself personally responsible by reason of his personal indorsement of this negotiable paper. It is to be remembered that bankrupt courts are courts of equity, that courts of equity abhor technicalities and will cut across lots to do justice in accord with equity and good conscience; that, while the bankrupt forms have been provided, they have been so provided to expedite proper and prompt administration according to the very right of parties and by no means for the purpose of creating purely technical defenses; that the court is not bound by any hard or fast rule to these forms, but on the contrary any form of proof used, if sufficient to show the nature of the claim and the bankrupt's liability therefor supported by the legal affidavit of the claimant is sufficient. In this case I think the proof of claim was sufficient for this purpose, and the strongest common-sense proof of it is the fact that it remained unchallenged as insufficient for over four years.

[2] Second. I think the trustee was estopped to challenge this proof of claim after four years of silence as to its sufficiency. There must be a limit to this right of objection. Surely, when the claimants Brown & Hill came forward at the very first meeting of creditors and filed this proof of claim and secured its allowance by the referee, the trustee

ought to have filed objection within the year in which the amended proof of claim could, without doubt or question, have been filed according to the truth and facts that would have cleared all doubt of claimant's right to participate in the estate of Creed Collins personally. The claimants were prompt in filing their claim and proof. Certainly some sort of promptness was due from those objecting to it to make such objections.

It follows that the order complained of should be reversed, and the case referred back to the referee, with instructions to him to allow the claim, so far as the note, its interest, and protest fee is concerned, to participate in the distribution of the assets of Creed Collins individually as well as in the assets of the Collins Company, but to refuse allowance of the open-account claim to participate other than in the company assets.